UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-8372 JGB (DTBx)** | Date | January 29, 2026 |
| Title | ***Demario Preston, et al. v. Navy Federal Credit Union, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Minute Order (1) DIRECTING the parties to submit supplemental briefing on preemption and <u>res judicata</u>; (2) VACATING the February 2, 2026 Hearing; and (3) SETTING a new hearing date for Defendant's Motion to Dismiss on March 2, 2026.  (IN CHAMBERS)**

Before the Court is Defendant Navy Federal Credit Union's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ("Motion," Dkt. No. 36.)  On August 1, 2025, the Ninth Circuit ruled that "all state laws that regulate account fees—general, specific, or otherwise— have no application to federal credit unions."  <u>King v. Navy Fed. Credit Union</u>, No. 24-1838, 2025 WL 2178532, at *6 (9th Cir. Aug. 1, 2025).  In that case, King sought to deposit a check in his account at NFCU.  <u>Id.</u> at *1.  When it did not go through, King was charged a $15 fee pursuant to NFCU's policies even though it was not his fault that the check bounced.  <u>Id.</u> at *1. King argued that "charging a $15 returned-check fee when the customer was not at fault was an 'unfair' and 'unlawful' business practice that violated California's Unfair Competition Law"— the exact statute and type of allegations at issue here.  <u>Id.</u>  The Court looked to regulations promulgated by the National Credit Union Administration ("NCUA"), the agency that regulates federal credit unions like NFCU, which state:

> A Federal credit union may, consistent with . . . federal law . . . ,
> determine the types of fees or charges and other matters affecting
> the . . . maintaining . . . of . . . [its] account[s]. *State laws regulating*
> *such activities are not applicable to federal credit unions.*

12 C.F.R. § 701.35(c) (emphasis added).  The Court found that "[i]t is difficult to imagine preemption language more explicit than this."  <u>King</u>, 2025 WL 2178532, at *3.

---

Subsequently, in a similar case, this Court dismissed the plaintiff's Unfair Competition Law claim as preempted under <u>King</u>'s holding and requested supplemental briefing to "address[] the issue of preemption as to the remaining claims." <u>Phlaum v. Navy Fed. Credit Union</u>, No. EDCV 24-0765 JGB (DTBX), 2025 WL 2947009, at *4 (C.D. Cal. Sept. 4, 2025). After receiving supplemental briefing, the Court dismissed the plaintiff's claims for unjust enrichment, money had and received, and conversion because the parties agreed these claims were preempted. <u>Phlaum v. Navy Fed. Credit Union</u>, No. EDCV 24-0765 JGB (DTBX), 2025 WL 2946896, at *3 (C.D. Cal. Oct. 10, 2025). The Court additionally dismissed the plaintiff's claims for breach of contract, including the implied covenant of good faith and fair dealing, and violation of the California Consumer Legal Remedies Act ("CLRA"). <u>Id.</u> at *4-*5. The Court did not decide whether the claims for breach of contract and violation of the CLRA were preempted because it determined that the plaintiff had failed to state a claim. <u>Id.</u>

Given the similarities between the instant action and <u>Phlaum</u>, there is reason to believe that <u>res judicata</u> may now bar some of the claims in the instant case. <u>Res judicata</u> operates to "preclude[] parties or their privies from relitigating issues" after a final judgement on the merits in a case where those issues "were or could have been raised" in that case. <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979). Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency</u>, 322 F.3d 1064, 1077 (9th Cir. 2003) (citing <u>Stratosphere Litig. L.L.C. v. Grand Casinos</u>, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir.2002)).

Accordingly, the Court **ORDERS** the parties to submit supplemental briefing addressing the issues of preemption and <u>res judicata</u>. Such supplemental briefing shall not exceed ten pages. Defendant's brief is due **February 9, 2026**. Plaintiffs' response brief is due **February 16, 2026**. The Court **VACATES** the hearing set for February 2, 2026 and **SETS** a new hearing date on Defendant's Motion for March 2, 2026 at 9:00 a.m.

**IT IS SO ORDERED.**